197 F.2d 877
 PENN ABATTOIR CO.
v.
RECONSTRUCTION FINANCE CORP.
 No. 582.
 United States Emergency Court of Appeals
 Heard at New York, June 21, 1952.
 Decided June 30, 1952.
 
 Charles S. Gaines, Newark, N. J., for complainant.
 Maurice S. Meyer, Attorney, Washington, D. C., with whom J. Gregory Bruce, Attorney, Department of Justice, Washington, D. C., was on the brief, for respondent.
 Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.
 MARIS, Chief Judge.
 
 
 1
 During the year 1946 complainant was engaged in the business of livestock slaughtering and, as such, was generally eligible to participate in the slaughter subsidy program which had been instituted as an integral part of the stabilization program created by the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.[1]
 
 
 2
 Complainant filed a claim for cattle and calves slaughter subsidy in the amount of $24,141.39 for the month of September 1946. There is no dispute as to the amount of subsidy due complainant for this month, that is, respondent concedes that the calculations by which complainant arrived at the amount claimed are correct. However, respondent felt obliged to invalidate the claim on the ground that complainant had failed to comply with certain conditions precedent, other than amounts of livestock slaughtered, such failure rendering complainant ineligible for September payments.
 
 
 3
 By Amendment 5 to its Directive 41, the Office of Economic Stabilization added the following condition to eligibility for slaughter payments:
 
 
 4
 "The Reconstruction Finance Corporation is further directed to withhold payment of subsidy claims upon certification by the Secretary of Agriculture (or his duly authorized representative) that the slaughterer's report, after correction for errors, filed with the Department of Agriculture pursuant to War Food Orders Nos. 75-2, 75-3, or 75-4, shows that he has failed to set aside for Government procurement, or has failed to deliver to the Government, such quantities of beef, pork, or veal as are required to be set aside for and delivered to the Government under the terms of the said War Food Orders."[2]
 
 
 5
 Respondent acting in accord with this directive amended Section 7003.10(a) of its Revised Regulation No. 3 by adding subparagraph (5) as follows:
 
 
 6
 "(a) Compliance with other Regulations. RFC shall declare invalid, in whole or in part, any claim of any applicant who: * * *.
 
 
 7
 "(5) Is certified by the Secretary of Agriculture pursuant to Amendment 5 to Directive 41 to have failed to set aside or deliver to the government the required quantities of meat."
 
 
 8
 On September 27, 1946 the administrator in charge of the set aside program of the Production and Marketing Administration of the Department of Agriculture, certified to respondent that complainant had failed to comply with the set aside requirements with respect to beef and veal. Respondent in turn notified complainant of this certification. This certification has not been set aside or withdrawn. Nor was its validity attacked by complainant in its protest. It is therefore not open to attack in this suit even if we were to hold, which we do not, that it was a protestable order under Section 2 of the Emergency Price Control Act. Consequently respondent had no choice but to invalidate the claim for September. The regulations under which it acted are explicit in their requirement of invalidation. Its action, under these circumstances, cannot be deemed arbitrary or capricious. Complainant's contention as to the September claim is, therefore, without merit.
 
 
 9
 The basis relied upon by respondent in invalidating a portion of complainant's October subsidy claim was that complainant had purchased cattle for prices in excess of those permitted by the regulations during the accounting period in question. The excess cost amounted to $8,656.04 and this amount had been deducted from complainant's subsidy claim. Complainant's contention is that respondent was without authority to make the deduction, its action being based on a misinterpretation of the regulations. To these we accordingly turn.
 
 
 10
 Revised Regulation No. 3, as amended prior to April 1, 1946, contained the following provisions which required the deduction from subsidy payments for an accounting period of the amount by which the actual cost to the slaughterer of the cattle slaughtered was below the minimum or above the maximum permissible cost, namely:
 
 
 11
 "§ 7003.8(d) * * *
 
 
 12
 "If the actual cost of cattle is below the minimum, or above the maximum permissible cost, the amount it is below the minimum or above the maximum shall be deducted from the amount of the claim. If the deduction is greater than the amount of the claim, the amount it is greater than the amount of the claim may be deducted from any other claim or claims payable to the applicant."[3]
 
 
 13
 "§ 7003.6 * * * (b) Deductions. (1) Deductions will be made from all claims of an applicant on account of under or overpayment for cattle in accordance with § 7003.8."[4]
 
 
 14
 These provisions had been included in the regulation pursuant to a directive of the Office of Economic Stabilization.[5]
 
 
 15
 It was under the express direction of these provisions of the regulation that the deduction in question was made from complainant's October subsidy payment. Complainant asserts, however, that the provisions of the regulation just quoted were superseded and in effect repealed by Amendment 3 to Directive 41 of the Office of Economic Stabilization, effective April 1, 1946,[6] pursuant to which Revised Regulation No. 3 was amended by Amendment 15 by adding to § 7003.6(b) a new subparagraph (3), reading as follows:
 
 
 16
 "(3) Penalty. Deductions will be made from all basic claims for cattle from any establishment during any accounting period of a percentage of the net amount otherwise due on such claims, when the cost of cattle on any claim covering slaughter from the same establishment for the same accounting period is above the maximum permissible cost, according to the following table:
 
 
 17
 "If the cost of cattle Percentage of
 exceeds maximum claim deducted.
 permissible cost by:

 i. ¼% or less 10%
 ii. ¼% to and including
 1% 30%
 iii. 1% to and including
 2% 60%
 iv. Over 2% 100%
 
 
 18
 "Provided that on certification to RFC by the Price Administrator with respect only to i and ii above, such deduction or any part thereof shall be repaid to the applicant by RFC."
 
 
 19
 It will be observed that in this amendment to the regulation the new penalty deduction which is provided for is to be made from the net amount otherwise due on the claim.
 
 
 20
 Respondent asserts, and we agree, that this refers, inter alia, to the net amount due after making such deduction of the excess cost of cattle as was required to be made by Sections 7003.8(d) and 7003.6(b) (1). Moreover in adding subparagraph (3) to Section 7003.6(b) of the regulation the amendments did not repeal subparagraph (1) providing for the deduction of the actual amount of excess cost but left that requirement in force. It also appears that respondent has uniformly construed the regulation as providing, after April 1, 1946, for both deductions and this contemporaneous construction by it has not heretofore been questioned in this court. We are compelled to conclude that the deduction required by Sections 7003.6(b)(1) and 7003.8(d) continued to be required to be made after April 1, 1946 and until the end of the subsidy program.
 
 
 21
 Complainant asserts, and respondent concedes, that by Amendment 12 to Directive 41 the deduction required by Section 7003.6 (b)(3) of the regulation was made inapplicable to accounting periods scheduled to end after October 14, 1946. But respondent did not make that deduction from complainant's October 1946 subsidy payment. Amendment 12 did not cancel the requirement to make the deduction of $8,656.04 which respondent did make and which, as we have indicated, it was required to make by Sections 7003.6(b)(1) and 7003.8(d) of the regulation. Complainant's objections to this deduction are accordingly without merit.
 
 
 22
 A judgment will be entered dismissing the complaint.
 
 
 
 Notes:
 
 
 [1]
 This program has heretofore been described in opinions of this court. See, e. g., Evergreen Meat Co. v. Reconstruction Finance Corp., Em.App.1951, 188 F.2d 368
 
 
 [2]
 11 F.R. 7042, 7043
 
 
 [3]
 10 F.R. 4243
 
 
 [4]
 10 F.R. 8073
 
 
 [5]
 Directive of October 25, 1943, Para. 3, 8 F.R. 14642
 
 
 [6]
 11 F.R. 3102